34967. HIGHTOWER *v.* CITIZENS PHARMACY, INC., *et al.*

DECIDED APRIL 12, 1954.

*Harris, Russell, Weaver & Watkins, John D. Comer,* for plaintiff in error.

*Popper & Morgan, Martin, Snow & Grant,* contra.

FELTON, C. J. ■ The court did not err in directing a verdict in favor of the defendant Robert Morris. There is no dispute as to what the law is on the subject of concurring negligence. The plaintiff in error contends that, in spite of the testimony of the driver of the car which hit the plaintiff, the other evidence made a question for the jury as to whether the parking of the truck without lights contributed to and was one of the concurring proximate causes of the collision. We are of the opinion that from the testimony of Foster, who was driving the car which hit the plaintiff, the absence of the lights from the parked truck was not one of the contributing causes of the plaintiff's injuries. It is true that he did not attempt to state exactly how far he was behind the truck before he saw it, but he did say that he saw it before he reached it and turned to avoid hitting it before he saw the plaintiff crossing the street. In spite of the fact that he made estimates of the distance which varied, we do not think that the estimates are necessarily inconsistent with the fact that he saw the truck in time to avoid hitting it before he saw the plaintiff. Since the parking of the truck was legal, its mere presence could not be considered negligence nor a contributing cause of the injury. And since the driver Foster saw the truck in time to avoid it, the absence of lights became immaterial. Neither did the testimony of the plaintiff, to the effect that Foster swerved to his left to miss the truck, make a question for the jury, as he could not possibly know as a fact why Foster turned to the left. The question of whether Foster could have stopped before he reached the truck is irrelevant, and therefore whether he could have stopped before reaching the truck if he had been

going fifty miles an hour is irrelevant, and Foster's opinion that he could have stopped before reaching the truck if he had been going fifty miles an hour would not be such a conflict in his testimony as to make a question of fact for a jury. The evidence above referred to, combined with the other evidence, did not make a jury issue, either because of conflicting testimony among the witnesses or because of circumstantial evidence which might have authorized a finding based on it in preference to the testimony of Foster. The vital testimony of Foster was consistent with the circumstantial evidence; it was uncontradicted and unimpeached, and under authorities too numerous to mention could not be rejected.

■ It was not error for the court to refuse to admit evidence showing that a physician, who had been subpoenaed by the plaintiff and was not present, was a stockholder in Citizens Pharmacy, Inc. The purpose of the offering of such evidence was to show that the failure of the plaintiff to use the witness should not raise a presumption that the witness's testimony would have been unfavorable. In the first place, there was no showing that any of the jury knew that the plaintiff had subpoenaed the witness, nor any showing that the testimony of the witness would have been unfavorable. In the second place, the court stated that the plaintiff could explain the witness's absence, and no motion for a continuance was made on the ground of the absence of the witness. Furthermore, a party cannot impeach his own witness for any purpose unless entrapped. It would be quite anomalous to allow a party to subpoena a witness on the strength of his knowledge of essential facts, character, and integrity for the purpose of relying on his testimony to prevail in a case, and then, if the witness was absent from court, to show that he would probably testify against the party who subpoenaed him, not for the reason that the truth of the facts he would testify to would be contrary to that party's interest, but because he would be influenced to testify to falsehoods because he was financially interested in a defendant corporation against which recovery was sought. It would have been a simple matter for the plaintiff's counsel to explain to the jury why the witness was not present, which he had the court's permission to do. The question whether the witness was required to be resubpoenaed is

not before us for consideration, in view of the fact that no motion for continuance was made.

Other questions raised and not herein ruled on have been abandoned.

The court did not err in denying the motion for a new trial.
*Judgment affirmed. Quillian and Nichols, JJ., concur.*